UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                  Case Number 16-cr-20677
v.                                  Honorable Thomas L. Ludington

D – 1 DAMARLIN MARKEEL BEAVERS,
D – 6 MICHAEL ALLEN PRATT, JR.,
D – 10 TERENCE JAEMAR JOHNSON,
D – 11 LAMAR TERRELL SIMON,
D – 14 KENDRELL STEPHENS,
D – 15 CALVIN EARL MCREYNOLDS, JR.,
D – 17 DEMAYNE JAMES MCKINNEY,

        Defendants.
_____/

**ORDER DENYING MOTIONS TO COMPEL ADDITIONAL DISCOVERY, MOTION TO EXCLUDE EXPERT TESTIMONY, AND MOTION TO PRESERVE RIGHT TO FILE MOTIONS IN LIMINE**

On October 12, 2016, an indictment was returned which charged thirteen Defendants with participating in a large-scale conspiracy to possess and distribute controlled substances. ECF No. 16. On April 12, 2017, a first superseding indictment was returned which named five additional Defendants. ECF No. 183. In the First Superseding Indictment, the Government alleges that the eighteen individuals "knowingly conspired and agreed together . . . to possess with intent to distribute and to distribute controlled substances." Sup. Indict. at 2–3, ECF No. 183. Specifically, the Government contends that the Defendants possessed and distributed cocaine and heroin. *Id.* at 3. In total, the Government has charged thirty specific counts, all related to the possession or distribution of controlled substances. Of the eighteen Defendants, eleven have pleaded guilty or have begun the process of doing so. Charges are currently pending against the remaining seven Defendants.

Currently, trial is set for September 26, 2017, at 8:30 a.m. At the motion deadline, Defendant Beavers filed a motion to suppress the wiretap evidence, and Defendant McReynolds, Jr., filed a motion for a separate trial and a motion for discovery. ECF Nos. 303, 304, 305. Two days after the motion deadline, Defendant Simon filed seven motions. ECF Nos. 307, 308, 309, 310, 311, 312, 313.[1] Most of Simon's motions request pretrial disclosures from the Government, especially of the Government's witnesses and of information that Simon may use to impeach witnesses at trial. Simon is also requesting a separate trial. ECF No. 311. A motion hearing on all pending motions is currently scheduled for September 11, 2017, at 2:00 p.m. However, several of the motions, especially those framing discovery and evidentiary issues, are either meritless or premature. It would be inefficient to devote time to those motions at the hearing. For the following reasons, several of the pending motions will be denied.

## I.

Most of Defendant Simon's motions (and Defendant McReynolds's request for additional discovery) seek information and documents which the Government does not yet (and may never) have an obligation to produce. Defendant Simon also makes several attempts to either prospectively limit the Government from introducing certain evidence or "preserve" his right to make such challenges in the future. Most of the relief Simon seeks in his motions is independently protected by law and thus a supplemental order from this Court confirming the Government's discovery obligations would be redundant. Simon has not identified any instances where the Government did not comply with its extant obligations. And, to the extent Simon may wish to challenge evidence that the Governments intends to submit at trial, the proper time for

---

[1] On August 23, 2017, Simon's attorney, Glenn Simmington, filed a motion to withdraw as Simon's counsel. ECF No. 388.

the challenge is when the evidence in question has been specifically identified. Simon's motions will be addressed in turn.

**A.**

McReynolds's request for additional discovery, Simon's motion for production of impeachment evidence, and Simon's motion for the Government's witness list are all either premature or meritless. McReynolds requests the following: all information the Government is required to produce under Federal Rule of Civil Procedure 16(a)(1), all exculpatory evidence in the Government's possession, all documents that Government may use to refresh the memory of a witness during trial, all relevant statements by persons with knowledge of the case, all Jencks Act materials, all information regarding chain of custody of Government exhibits, Federal Rule of Evidence 404(b) evidence, all evidence that could be used to impeach Government witnesses, the identity of all confidential informants the Government utilized during its investigation, and other similarly broad requests. ECF No. 304.

McReynolds's request for additional discovery will be denied in full, but without prejudice. To the extent McReynolds seeks discovery that the Government is obligated to provide under Rule 16, *Brady*, *Giglio*, or the Jencks Act, he has not indicated that the Government has failed to meet its discovery obligations. Importantly, many of the discovery obligations which McReynolds identifies are not triggered until after a witness testifies *at trial*. *See* Federal Rule of Criminal Procedure 26.2(a) ("After a witness . . . has testified on direct examination, the court . . . must order an attorney for the government . . . to produce . . . any statement of the witness that is in their possession."); Jencks Act, 18 U.S.C § 3500(e)(3) ("After a witness called by the United States has testified on direct examination, the court shall . . . order

the United States to produce any statement . . . of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified.").

The Government contends that it has already provided all discovery which it is obligated to produce at this time. McReynolds does not contest that assertion. Absent some indication that the Government has not complied with its discovery obligations, no intervention by the Court is necessary. And, likewise, the Court declines to impose new and additional discovery obligations on the Government beyond those which already exist. McReynolds's request for additional discovery will be denied. If, at any point in the future, McReynolds believes that the Government has not disclosed discovery which it is required to, he may renew his motion.

Defendant Simon requests the Court order the Government to provide its witness list and additionally requests that the Government produce "all evidence that would be admissible to attack the credibility of non-testifying co-conspirator declarants." Mot. Imp. Evid. At 1, ECF No. 309. For similar reasons, these motions will also be denied.

First, Simon seeks disclosure of the Government's witness list, relying upon the Court's "inherent power . . . to promote proper administration of criminal justice." Mot. Witness List at 1, ECF No. 313. But courts have uniformly held that neither *Brady*, the Jencks Act, nor Rule 16 require the Government to produce its witness list in advance of trial. *See Weatherford v. Bursey*, 429 U.S. 545, 559 (1977) ("It does not follow from the prohibition against concealing evidence favorable to the accused that the prosecution must reveal before trial the names of all witnesses who will testify unfavorably."); 18 U.S.C § 3500(e)(3); *United States v. Perkins*, 994 F.2d 1184, 1190 (6th Cir. 1993). Undoubtedly, pretrial disclosure of the witness list would promote a speedy resolution of the trial. But such disclosure is not required. At this stage, several weeks before trial, the Government may not yet have finalized the witness list. Certain witnesses may be called

only if specific Defendants proceed to trial. The Government's desire to protect potential witnesses from having their identity unnecessarily disclosed is reasonable. Further, the Scheduling Order in this matter directs both parties to submit their witness list and exhibit list one week before trial. That deadline is sufficient to ensure adequate time for counsel to prepare while also protecting against unnecessary disclosures. Simon's motion for the witness list will be denied.

Likewise, Simon's request for "all evidence that would be admissible to attack the credibility of non-testifying co-conspirator declarants" will be denied. Mot. Imp. Evid. at. 1. Simon premises his request on Federal Rule of Evidence 806 and the Government's obligations under *Brady*. Rule 806 governs the admissibility of impeachment evidence a party wishes to use to undermine a hearsay statement. As such, Rule 806 provides no authority for Simon's request for pretrial disclosure of this impeachment evidence. Simon references *Brady*, but *Brady* material need only be disclosed "in time for effective use at trial." *United States v. Presser*, 844 F.2d 1275, 1286 (6th Cir. 1988). More importantly, *Brady* does not require disclosure of "'any and all impeachment evidence'" because there is no "constitutional right to know the tactical strengths and weaknesses of the government's case." *Id.*

In short, Simon has not established his entitlement to the information sought. To the extent the information sought might fall under one of the Government's other discovery obligations, Simon has provided no indication that the Government has not complied with those obligations. Simon's motion for disclosure of impeachment evidence for co-conspirators will be denied.

**B.**

In a separate motion, Simon asks the Court to compel the Government to *identify* all statements made by co-conspirators that it intends to produce under Federal Rule of Evidence 801(d)(2)(E). ECF No. 307. That Rule allows admission of statements (that would otherwise be considered hearsay) if it is a statement made "by the party's coconspirator during and in furtherance of the conspiracy." *Id.* Simon correctly asserts that, before such statements may be introduced at trial, the Court must find "(1) that the conspiracy existed; (2) that the defendant was a member of the conspiracy; and (3) that the co-conspirator's statements were made in furtherance of the conspiracy." *United States v. Wilson*, 168 F.3d 916, 920 (6th Cir. 1999). This analysis is referred to as an *Enright* finding. *See United States v. Enright*, 579 F.2d 980, 986-87 (6th Cir.1978).

Simon argues that the *Enright* finding should occur in advance of trial and thus the Government should be compelled to identify any statements it intends to offer under Rule 801(d)(2)(E) prior to trial. However, the pretrial, mini-hearing which Simon requests is not the only or best option. In the Sixth Circuit, district courts may proceed in one of three ways: hold the "mini-hearing" prior to trial; "require the government to meet its initial burden by producing the non-hearsay evidence of conspiracy first prior to making the *Enright* finding"; or "admit the hearsay statements subject to later demonstration of their admissibility by a preponderance of the evidence." *United States v. Vinson*, 606 F.2d 149, 152–53 (6th Cir. 1979).

The mini-hearing procedure which Simon requests has been "criticized as burdensome, time-consuming and uneconomic" and would be so here. *Id.* at 152. The other two permissible procedures identified in *Vinson* properly balance the need for efficiency while minimizing the

risk of improper evidence being admitted.² If, at trial, any Defendants intend to challenge the admissibility of statements under *Enright*, a decision on which procedure to adopt will be made. But litigating the admissibility of any co-conspirator statements in advance of trial would require, essentially, another trial. Because Simon's rights can be adequately protected without pretrial disclosure of any hearsay statements the Governments intends to rely on, his motion for pretrial disclosure of those statements will be denied.

**C.**

Next, Simon requests that the Court compel the Government to disclose "notice of whether it will seek to introduce 'other crimes evidence' against him pursuant to *Rules 404(b)* and *609*." Mot. Notice under Rules 404(b) and 609 at 1 (emphasis in original), ECF No. 310. The Government admits that it has an obligation to disclose all anticipated Rule 404(b) evidence upon request of the Defendant. *See* Rule 404(b)(2)(A)–(B) (explaining that the prosecutor must provide "reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial" and must "do so before trial"). Given the Government's indication that it will disclose the requested information, a Court order directing such disclosure is unnecessary. To the extent Simon independently seeks disclosure of Rule 609 evidence, the Government is required to provide notice of that evidence only if "more than 10 years have passed since the witness's conviction or release from confinement." *Id.* at Rule 609(b). Simon's criminal history has been provided to him. Simon's unsupported request for information that the Government is not required to provide will be denied. If Simon ascertains that the Government has failed to produce any evidence which it is affirmatively required to produce, he may renew this motion.

**D.**

---

² If, as the Government requests, the *Enright* analysis is conducted after all evidence of the conspiracy has been presented to the jury, and the Court finds that the Government has not carried its burden under *Enright*, then the presumptive remedy is a mistrial. *See Vinson*, 606 F.2d at 153.

Next, Simon has moved for an order preventing the Government from using a Government case agent to testify at trial as an expert on gang-related slang *and* as a lay witness as to the investigation itself. ECF No. 308. In response to the motion, the Government filed a Notice of Opinion Witness, ECF No. 316, wherein the Government indicated its intention to call Detective Lieutenant Matt Rice as an opinion witness regarding the meaning of the coded language intercepted during the wiretap investigation. In further response to Simon's motion, the Government explains that "Lieutenant Rice was not involved in this investigation and will not testify as a fact witness." Gov't Resp. Br. at 2, ECF No. 366.

Simon's concern regarding the prejudice that may result if an expert witness also provides a factual summary of the investigation is reasonable. The Court has an affirmative obligation to act as a "gatekeeper" for expert testimony. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999). However, "[o]ne witness may properly offer lay testimony and, at the same time, may be precluded from putting forth expert testimony." *United States v. White*, 492 F.3d 380, 403 (6th Cir. 2007). Of course, the district court must be vigilant to protect against improperly broad testimony. Regardless, the Government has identified the opinion witness it intends to call and has further indicated no intention to use Detective Rice as a lay witness. Because the concerns underlying Simon's motion have thus been obviated, the motion to limit expert testimony will be denied.

### E.

One final matter must be addressed. Simon has also filed a "notice of his reserving the right to file motions in limine regarding the admissibility of certain evidence." Not. Mot. Limine at 1, ECF No. 312. A number of Defendants have filed joinders in the motion. While Defendants are free to give notice of their intent to file motions in limine at a later time, the deadline for

pretrial motions is ultimately set by the Court. *See* Federal Rule of Criminal Procedure 12(c)(1). Rule 12 identifies a number of motions that *must* be made before trial. *See* Rule 12(b)(3). To the extent any Defendants may attempt to raise, for the first time, a motion identified in Rule 12(b)(3) after the deadline for pretrial motions previously established by the Court, they may not be considered. The Court may, in its discretion, consider motions in limine filed after the motions deadline. But, in making any such motion, Defendants should be prepared to explain why the motion could not have been filed earlier.

Although identified as a "notice," Simon docketed the document as a motion. To the extent Simon seeks a Court order confirming that any untimely motions in limine will be considered, his motion will be denied.

**II.**

Accordingly, it is **ORDERED** that Defendant McReynolds's request for additional discovery, ECF No. 304, is **DENIED.**

It is further **ORDERED** that Defendant Simon's motion for identification of co-conspirator statement, ECF No. 307, is **DENIED.**

It is further **ORDERED** that Defendant Simon's motion to limit expert testimony, ECF No. 308, is **DENIED.**

It is further **ORDERED** that Defendant Simon's motion to compel production of impeachment evidence, ECF No. 309, is **DENIED.**

It is further **ORDERED** that Defendant Simon's motion to compel production of Rule 404(b) and Rule 609 evidence, ECF No. 310, is **DENIED.**

It is further **ORDERED** that Defendant Simon's motion preserving the right to file motions in limine, ECF No. 312, is **DENIED.**

It is further **ORDERED** that Defendant Simon's motion to compel production of the Government's witness list, ECF No. 313, is **DENIED.**

Dated: August 28, 2017                s/Thomas L. Ludington
                                      THOMAS L. LUDINGTON
                                      United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 28, 2017.

                    s/Kelly Winslow
                    KELLY WINSLOW, Case Manager