UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

D-1, DAMARLIN MARKEEL BEAVERS,

        Petitioner,                          Case No. 16-cr-20677-01

v.                                              Honorable Thomas L. Ludington
                                                    Magistrate Judge Patricia T. Morris

UNITED STATES OF AMERICA,

        Respondent.

_____/

**ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, DENYING MOTION TO VACATE, DENYING CERTIFICATE OF APPEALABILITY, DENYING LEAVE TO APPEAL IN FORMA PAUPERIS, GRANTING MOTION FOR EXTENSION OF TIME AND DENYING MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

On April 12, 2017, a First Superseding Indictment charged Petitioner with conspiracy to possess with intent to distribute and to distribute cocaine and heroin in violation of 21 U.S.C. §846 and 841(a)(1)(Count 1) and with possession with intent to distribute cocaine base, cocaine, and heroin in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C)(Count 3). ECF No. 183. On September 11, 2017, Petitioner pleaded guilty to Count 1 of the indictment, pursuant to a Rule 11 plea agreement. ECF No. 449. On December 21, 2017, a judgment was entered committing Petitioner to the Bureau of Prisons for 292 months. ECF No. 509. Petitioner did not appeal his conviction or sentence.

On September 17, 2018, Petitioner filed a motion to vacate his sentence under 28 U.S.C. 2255 on the basis of ineffective assistance of his appointed counsel, Jeffrey J. Rupp. ECF No. 588. The motion was referred to Magistrate Judge Morris and on January 4, 2019, she recommended that Petitioner's motion be denied. ECF No. 623. In her recommendation, she explained that "[p]ursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, '[w]ithin 14 days after being

served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." *Id.* at 11. Accordingly, the deadline for filing objections to the report and recommendation was January 18, 2019. On January 15, 2019, Petitioner filed a motion to extend the objection deadline. ECF No. 633. The next week, he filed three objections to Judge Morris's report and recommendation. ECF No. 638.

Almost two months later, Petitioner filed a motion for leave to file an amended motion for post conviction relief. ECF No. 650. The Government filed a response opposing the motion. ECF No. 659.

**I.**

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal

quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id*.

## II.

Petitioner raises three objections to the report and recommendation, which will be addressed in turn.

### A.

Petitioner's first objection is that Judge Morris misrepresented his claim that his "prior conviction for 'delivery' of a controlled substance was categorically broader than the term controlled substance offense at 4B1.2(b)." ECF No. 638. This is the same argument Petitioner presented in his original motion. *See* ECF No. 623 at 2 ("Petitioner's §2255 motion to vacate his sentence asserts that his trial counsel was ineffective for failure to object to use of a prior Michigan conviction for delivery of narcotics less than 50 grams as a predicate offense for enhancement as a career offender under the sentencing guidelines, §4B1.2(b), citing *Mathis v. United States*…"). Petitioner's argument was without merit when he presented it to Judge Morris and it is still without merit. Accordingly, Petitioner's objection will be overruled.

In her report, Judge Morris provided an overview on the issue of predicate offenses under the Sentencing Guidelines. ECF No. 623 at 4–7. In his objection, Petitioner claims

> Mr Beavers expressly asserted that the statue [sic] that he was convicted of under Michigan law is divisible, however, the specific element in which he was convicted, "delivery" is categorically broader than any term listed within 4Bl.2. [C]onsequently, his prior offense under Michigan law cannot count as a predicate offense.

ECF No. 638 at 2. As already explained by Judge Morris, this argument is belied by *U.S. v. House* in which the Sixth Circuit determined that

> [W]e have already addressed Mich. Comp. Laws § 333.7401's divisibility in *United States v. Tibbs*…Although unpublished, we find its reasoning persuasive and therefore adopt its conclusion that Michigan's controlled-substance statute is divisible…
>
> Section 333.7401 enumerates several alternative crimes: "manufactur[ing], creat[ing], deliver[ing], or possess[ing] with intent to manufacture, create, or deliver a controlled substance." The generic controlled-substance definition, taken from U.S.S.G. §4B1.2(b), likewise "prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance…or the possession of a controlled substance…with intent to manufacture, import, export, distribute or dispense." The alternative crime in question from Michigan's controlled-substance law—possession with intent to deliver—fits both the Sentencing Guidelines' generic offense—possession with intent to distribute or dispense—and House's charge from his indictment.

*U.S. v. House* 872 F.3d 748, 753–754 (6th Cir. 2017) (citations omitted). Though the defendant in *House* was charged with "intent to distribute" and Petitioner was charged with "delivery," Petitioner has not explained how the term "delivery" from Section 333.7401 can be considered overbroad in the context of *House*. In fact, the Sixth Circuit has held that the term "deliver" under Section 333.7401 falls within the meaning of "distribute" in §4B1.2(b). *See United States v. Solomon*, 592 Fed. Appx. 359, 361 (6th Cir. 2014).

Petitioner has not proved that Mr. Rupp was ineffective in his representation by not raising this argument. *See Wilson-Simmons v. Lake County Sheriff's Dep't*, 207 F.3d 818, 824 (6th Cir. 2000)("An attorney's ethical obligation of zealous advocacy on behalf of his or her client does not amount to *carte blanche* to burden the federal courts by pursuing claims that are frivolous on the merits." (internal quotation marks omitted)).

**B.**

Petitioner's second objection is essentially identical to his first objection. He argues that Judge Morris erred when she determined that the term "delivery" in Section 333.7401 is not overbroad. *See* ECF No. 638 at 2. As explained above, legal precedent supports the conclusion that "Michigan's 'delivery' of a controlled substance statute" is divisible and not overbroad. *Id.*

**C.**

Petitioner's third objection is that Judge Morris "made materail [sic] omissions regarding the prejudice prong." ECF No. 638 at 2. It is presumed that Petitioner is referring to the second prong of the test for ineffective assistance of counsel from *Strickland v. Washington*, 466 U.S. 668 (1984). However, Judge Morris did address the second prong of the test, even after determining that Petitioner was unable to establish the first prong of the test (that counsel's performance fell below an objective standard). She determined that

> Finally, even if Petitioner could establish that counsel's performance fell below an objective standard, I suggest that he cannot show prejudice. In order to show prejudice in the context of a guilty plea, petitioner must show that "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 88 L. Ed.2d 203 (1985). Here, Petitioner does not even allege that he would have decided to go to trial absent counsel's advice. I suggest that Petitioner is unable to show prejudice and thus, that his motion should be denied for this reason as well.

ECF No. 623 at 10.

**III.**

On November 19, 2018, Petitioner filed a motion for transcripts and any investigative reports related to his case. ECF No. 614. On December 10, 2018, the motion was denied because Petitioner had already filed his §2255 motion and had not "provided an adequate reason for the Court to provide him with the requested documents." ECF No. 617.

On March 12, 2019, Petitioner filed a motion for "leave to file an amended Motion for post conviction relief." ECF No. 650. Petitioner argues that his motion is merited because he did not have the opportunity to review his case's transcripts and documents prior to filing his original §2255 motion. *See* ECF No. 668. He explains that "…although the court first denied the motion for transcripts Mr. Beavers continued to press the court out and was finally able to obtain a copy of the records that he sought." ECF No. 668. There is no indication on the docket that the Court issued an order granting Petitioner the transcripts and investigative reports related to his case. Petitioner may have obtained these documents through a different channel, but he has not explained how he did so.

Regardless, Petitioner's motion will be denied. He filed the motion almost six months after filing his original §2255 motion and two months after Judge Morris issued her report and recommendation. As stated by the Sixth Circuit, parties may not "raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 (6th Cir. 2000).

**IV.**

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must be issued. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability

may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

Having considered the matter, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted in this case. The Court further concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

**V.**

Accordingly, it is **ORDERED** that Petitioner's objections to the report and recommendation, ECF No. 638, are **OVERRULED**.

Accordingly, it is **ORDERED** that Judge Morris' Report and Recommendation, ECF No. 623, is **ADOPTED**.

It is further **ORDERED** that Petitioner's motion to vacate, ECF No. 588, is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that leave to proceed *in forma pauperis* on appeal is **DENIED**.

It is further **ORDERED** that Petitioner's motion for extension of time to respond to respond to Judge Morris's Report and Recommendation, ECF No. 633, is **GRANTED** and Petitioner's Objections, ECF No. 638, are accepted as filed.

It is further **ORDERED** that Petitioner's motion for leave to file an amended motion for post-conviction relief, ECF No. 650, is **DENIED**.

Dated: April 26, 2019

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Damarlin Markeel Beavers** #23687-039, OXFORD FEDERAL CORRECTIONAL INSTITUTION, Inmate Mail/Parcels, P.O. BOX 1000, OXFORD, WI 53952 by first class U.S. mail on April 26, 2019.

s/Kelly Winslow
KELLY WINSLOW, Case Manager