UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAMARLIN MARKEEL BEAVERS,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Criminal No. 16-cr-20677
Civil No. 18-cv-12995
Judge Thomas L. Ludington
Magistrate Judge Patricia T. Morris

---

**REPLY TO RESPONSE IN OPPOSITION TO DEFENDANT'S SUCCESSIVE MOTION UNDER 28 U.S.C. § 2255 (ECF No. 799)**

---

COMES Petitioner, DAMARLIN MARKEEL BEAVERS ("Beavers"), appearing *pro se*, and files his Reply to Response in Opposition to Defendant's Successive Motion Under 28 U.S.C. § 2255 (ECF No. 799), and would show as follows:

### PRELIMINARY STATEMENT

As a preliminary matter, Beavers respectfully requests that this Court be mindful that *pro se* complaints are to be held "to less stringent standards than formal pleadings drafted by lawyers," and should therefore be liberally construed. See *Jamieson v. United States*, 692 F.3d 435 (6th Cir. 2012) (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir.2004)); *Estelle v. Gamble*, 429 U.S. 97 (1976)(same); and *Haines v. Kerner*, 404 U.S. 519 (1972)(same).

### REPLY TO GOVERNMENT'S RESPONSE IN OPPOSITION

The government's Response in Opposition to Defendant's Successive Motion Under 28 U.S.C. § 2255 (ECF No. 799) ("GR") is divided into three (3) sections: (A) Statement of Case; (B) Argument; and (C) Conclusion. See ECF No. 805 at 1-4. Beavers will reply to each main sections sequentially as follows:

A.   **Statement of Case**

This section of the GR gives a fair and accurate summary of the procedural background in this case. See ECF No. 805 at 1-3. Beavers does not object or take exception to this section of the GR.

B.   **Argument**

The government in this section has construed Beavers §2255 Motion as successive. A federal prisoner typically must collaterally attack his conviction and sentence through a 28 U.S.C. § 2255 motion. See 28 U.S.C. § 2255(a). Only a single § 2255 motion is authorized and successive attempts at relief are limited. See *Stewart v. United States*, 646 F.3d 856, 859 (11th Cir.2011). If a court determines that a § 2255 motion is "second or successive," the motion must be certified by the court of appeals before the district court may reach the merits of the motion. See 28 U.S.C. § 2244(b)(3)(A); 28 U.S.C. § 2255(h).

However, not all second-in-time motions qualify under § 2255 as "second or successive" motions that must satisfy the criteria of § 2255(h). The phrase second or successive is not self-defining and it does not refer to all habeas petitions filed second or successively in time. See *Panetti v. Quarterman*, 551 U.S. 930, 943-44 (2007)); see also, *Medberry v. Crosby*, 351 F.3d 1049, 1062 (11th Cir.2003) (the term "second or successive" is a habeas term of art). Instead, the bar on second or successive motions applies when, for example, a petitioner could have raised his or her claim for relief in an earlier filed motion, but without a legitimate excuse, failed to do so. See *Stewart*, 646 F.3d at 859. In *Stewart,* the Court addressed the issue of whether Stewart's second-in-time § 2255 motion, which challenged his sentence based on the vacatur of his prior state court convictions that did not exist at the time that he filed his initial § 2255 motion, was second or successive. Stewart's judgment became final in May 2003. Id. at 857. He filed a "Motion for Equitable Tolling

of the Time Period for the Filing of a § 2255 [Motion]," which was denied, and a § 2255 motion, which was dismissed as time-barred, in 2004. *Id.* In 2008, Stewart's state court convictions were vacated. The following month Stewart filed a second § 2255 motion, requesting the vacatur of his career offender enhancement pursuant to *Johnson v. United States*, 544 U.S. 295 (2005). See *Stewart*, 646 F.3d at 858. The district court dismissed Stewart's second § 2255 motion as successive. *Id.* The Court reversed and held that because the factual basis for Stewart's claim did not exist before his proceedings on his initial § 2255 motion concluded, Stewart's numerically second motion was not second or successive and § 2255(h)'s gatekeeping provision did not apply. *Id.* at 865.

In this case, On September 17, 2018, Beavers filed a § 2255 Motion, arguing that trial counsel performed ineffectively by failing to object to his career offender designation under the guidelines because, according to Beavers, his 2006 Michigan conviction for the delivery of a controlled substance, pursuant to Michigan Compiled Laws § 333.7401, did not qualify as a "controlled substance offense." He further claimed that counsel's alleged misunderstanding of his career offender status caused him to delay his decision to plead guilty, which allowed the government to obtain a superseding indictment that increased his mandatory minimum sentence. A magistrate judge recommended that the motion be denied. Over Beavers' objections, the District Court adopted the report and recommendation ("R&R"), denied the motion to vacate, denied a COA, and denied Beavers' motion to file an amended motion to vacate.

On June 19, 2019, *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019), was decided. In *Havis,* the Sixth Circuit held that the United States Sentencing Guidelines' definition of "controlled substances offenses" does not include attempt crimes because the Sentencing Commission overstepped its authority when it expanded the applicability of USSG § 4B1.2 without subjecting the

rule to congressional review or notice or comment. *Id.* at 386-87. In light of *Havis,* Beavers sentence now presents an error sufficiently grave to be deemed a fundamental defect. In the interested of judicial economy, Beavers will not reargue this ground here because it is adequately briefed in his memorandum of law in his § 2255 Motion on pages 9-16. See EFC No. 799 at 9-16. The government argues that a *Havis* claim is cognizable only on direct appeal and not on collateral review and therefore does not address the merits of Beavers' claim. This is because the government would rather attempt to procedurally bar Beavers' than address the merits of his claim.

### C. Conclusion

The GR concludes the GR by contending that "Beavers' claim is not cognizable in a § 2255 motion and should be denied without a certificate of appealability." In reply, Beavers states that for the above and foregoing reasons and the reasons previously presented in his § 2255(f)(3) Motion, Beavers' sentence should be vacated for resentencing without the career offender enhancement. In the alternative, an evidentiary hearing should be held so that Beavers may further prove her meritorious ground for relief, resolve facts in dispute between the parties, and expand an incomplete record.

Respectfully submitted,

Dated: August 12, 2021.

*/s/ Damarlin Beavers*
DAMARLIN MARKEEL BEAVERS
REG. NO. 26387-039
FCI GILMER
FEDERAL CORR. INSTITUTION
P.O. BOX 6000
GLENVILLE, WV 26351

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2021, a true and correct copy of the above and foregoing Reply to Response in Opposition to Defendant's Successive Motion Under 28 U.S.C. § 2255 (ECF No. 799) was mailed via U. S. First Class Mail, postage prepaid, to Timothy M. Turkelson, Assistant United States Attorney at U. S. Attorney's Office, 600 Church Street, Flint, MI 48502.

*/s/ Damarlin Beavers*
DAMARLIN MARKEEL BEAVERS

