**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

DAMARLIN MARKEEL BEAVERS,

                                  CRIMINAL CASE NO. 16-CR-20677

      *Petitioner*,

*v.*

                                  DISTRICT JUDGE THOMAS L. LUDINGTON

UNITED STATES OF AMERICA,           MAGISTRATE JUDGE PATRICIA T. MORRIS

      *Respondent*.

                        /

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE (ECF No. 799)

### I.    RECOMMENDATION

For the following reasons, **IT IS RECOMMENDED** that Petitioner's motion to vacate (ECF No. 799) be **DENIED** and that the civil case be **DISMISSED**.

### II.    REPORT

#### A.    Background

On September 11, 2017, Petitioner pleaded guilty to count one of a superseding indictment charging him with conspiracy to possess with intent to distribute and to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and 846 pursuant to a Rule 11 plea agreement. (ECF No. 449.) On December 21, 2017, a judgment entered sentencing Petitioner to 292 months of incarceration to be followed by ten years of supervised release. (ECF 509.) Petitioner did not file an appeal. A previous motion to vacate sentence was denied by order overruling objections and adopting a previously filed Report and Recommendation (R&R). (ECF Nos. 672, 623.) On June 23, 2021, Petitioner filed the instant motion to vacate sentence. (ECF No. 799.) Respondent

has replied (ECF No. 805) and Petitioner replied. (ECF No. 809.) The court has considered all the arguments raised in the briefs.

### B.     Standards

To prevail on a § 2255 motion "'a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of section 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a section 2255 motion alleging non-constitutional error only by establishing a "'fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process.'" *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotation marks omitted)). Ineffective assistance of counsel claims "may be brought in a collateral proceeding under § 2255 whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504 (2003).

Claims of ineffective assistance of counsel are governed by the U.S. Supreme Court's rule pronounced in *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the Court enunciated a two-pronged test that must be satisfied to prevail on an ineffective assistance of counsel claim. First, the movant must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness. *Id.* at 688. "Constitutionally effective counsel must develop trial strategy in the true sense—not what bears a false label of 'strategy'—based

on what investigation reveals witnesses will actually testify to, not based on what counsel guesses they might say in the absence of a full investigation." *Ramonez v. Berghuis*, 490 F.3d 482, 488 (6th Cir. 2007). Second, the movant must show that he was prejudiced by the deficiency to such an extent that the result of the proceeding is unreliable. *Strickland*, 466 U.S. at 688. It is not enough to show that the alleged error "had some conceivable effect on the outcome of the proceeding." *Id.* Rather, the movant must show that, but for counsel's errors, the result would have been favorably different. *Id.* at 693. Failure to make the required showing under either prong of the *Strickland* test defeats the claim. *Id.* at 700.

The Supreme Court has explained that "[t]he essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986). This language highlights the Supreme Court's consistent view that the Sixth Amendment right to counsel is a safeguard to ensure fairness in the trial process.

In *Lockhart v. Fretwell*, 506 U.S. 364 (1993), the Court clarified the meaning of "prejudice" under the *Strickland* standard, explaining:

> Under our decisions, a criminal defendant alleging prejudice must show 'that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.' . . . Thus, an analysis focusing solely on the mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.

*Lockhart*, 506 U.S. at 369 (citations omitted).

Where a claim for ineffective assistance of counsel is brought following a guilty plea, the "prejudice requirement 'focuses on whether counsel's constitutionally ineffective performance

affected the outcome of the plea process.'" *Utley v. United States*, 2016 WL 337750, at *6 (E.D. Mich. Jan. 28, 2016) (Lawson, J.) (*quoting Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). "'In other words, . . . the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Id.* (citations omitted). However, the Supreme Court has explained that "'*Hill* does not, however, provide the sole means for demonstrating prejudice' . . . . [P]rejudice may lie where a petitioner demonstrates that counsel's deficient performance infected his decisionmaking process, and thus undermines confidence in the outcome of the plea process." *Rodriguez-Penton v. United States*, 905 F.3d 481, 487–8 (6th Cir. 2018) (quoting *Missouri v. Frye*, 566 U.S. 134, 141–2 (2012) and citing *Lee v. United States*, 137 S. Ct. 1958, 1967 (2017)).

### C.    Analysis and Conclusions

Petitioner argues that his "sentence is now in violation of the Constitution and the Laws of the United States and his conviction and sentence must be vacated without the career offender enhancement" citing *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) (en banc). (ECF No. 799, PageID.6548.) His prior convictions include two convictions in 2006 for delivery of narcotics less than 50 grams of a narcotic in Saginaw County, Michigan and one conviction in 2008 for conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base in the United States District Court for the Eastern District of Michigan. (ECF No. 799, PageID.6566; ECF No. 92.)

#### 1. Havis

Under U.S.S.G. §4B1.2(b), "[t]he term 'controlled substance' means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits

the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute or dispense." The commentary to this section provides "'[c]rime of violence' and 'controlled substance offense' include the offenses of aiding and abetting, conspiring, and attempting to commit such offenses."

In its *en banc* opinion in *Havis*, the Sixth Circuit noted that "[u]nlike the [Sentencing] Guidelines themselves, however, commentary to the Guidelines never passes through the gauntlets of congressional review or notice and comment [so the comments] ha[ve] no independent legal force – [they] serve[] only to *interpret* the Guidelines' text, not to replace or modify it." 927 F.3d at 386 (emphasis in original). Thus, "[c]ommentary binds courts only 'if the guideline which the commentary interprets will bear the construction.' Thus, we need not accept an interpretation that is 'plainly erroneous or inconsistent with the' corresponding guideline." 927 F.3d at 386 (internal citations omitted). *Id*.

The Sixth Circuit recognized its previous holding in *United States v. Evans*, 699 F.3d 858, 866-67 (6th Cir. 2012), wherein it held that the definition of "controlled substance offense" includes attempt crimes, relying on the commentary to the applicable guideline. 927 F.3d at 384. The Sixth Circuit then addressed the "narrow claim" not raised in *Evans*: should "Havis's 17-year-old conviction [under Tennessee state law] for selling and/or delivering cocaine" be considered a "controlled substance offense" where "the Guidelines' text says nothing about attempt, and the Sentencing Commission has no power to add attempt crimes to the list of offenses in §4B1.2(b) through commentary." 927 F.3d at 384.

5

The Sixth Circuit next utilized the "categorical approach, [under which] we do not consider the *actual* conduct that led to Havis's conviction under the Tennessee statute at issue; instead, we look to the *least of the acts criminalized* by the elements of that statute." 927 F.3d at 384 (emphasis in original). "If the least culpable conduct falls within the Guidelines' definition of 'controlled substance offense,' then the statute categorically qualifies as a controlled substance offense" "[b]ut if the least culpable conduct falls outside the definition, then the statute is too broad to qualify, and the district court erred by increasing Havis's offense level." 927 F.3d at 385. The "parties agree[d] that the least culpable conduct covered by [the Tennessee statute] is the attempted delivery of a controlled substance." *Id*.

In response to the Government's argument that the commentary was not a "plainly erroneous" interpretation of the corresponding guideline, the Sixth Circuit stated, "[b]ut the Government sidesteps a threshold question: is this really an 'interpretation' at all?" 927 F.3d at 386. The court determined that since the guideline itself did not add "attempt crimes" to the definition of controlled substance offenses (or crimes of violence), "[t]he text of §4B1.2(b) controls, and it make clear that attempt crimes do not qualify as controlled substance offense." 927 F.3d at 387.

A motion for reconsideration of the above *en banc* decision was filed by the government and was denied. *Havis*, 929 F.3d 317. Judge Sutton wrote a concurring opinion prompted by the government's "argu[ment] (for the first time in this case) that attempt crimes *do* fall within the guidelines' definition of a controlled substance offense because 'distribution' – a word in the text of the guidelines – covers attempts." *Havis*, 929 F.3d 317, at 319 (emphasis in original), citing 21 U.S.C. §841(a)(1). He notes that the "Act defines 'distribute' as 'to deliver,' *id*. §

802(11), and defines 'deliver' as 'the actual, constructive, or *attempted* transfer' of drugs, *id*. §

802(8)." *Id*. (emphasis added by J. Sutton). Judge Sutton further notes that a separate section of

the Act, § 846, "criminalizes attempted drug offenses, such as attempted distribution" thus,

"[s]omeone [] may commit the offense of distributing drugs by attempting to transfer drugs [b]ut

that does not make the crime of conviction under § 841 an *attempted* distribution." *Id*. (emphasis

in original). Rather, "the two [§ 841 and § 846] constitute distinct offenses, one greater and on

lesser, one complete and one attempted." *Id.*

Judge Sutton contrasted the § 846 definition of an attempt crime, "which requires an intent

to commit a crime and a substantial step toward that commission" with the definition of

"distribution" where "it appears that Congress used the ordinary meaning of 'attempted transfer,'

not its legal term-of-art meaning." *Havis*, 929 F.3d at 319. "That explains why the government

prosecutes someone under § 841 when he distributes drugs, but under § 841 *and* § 846 when he

attempts to distribute drugs." *Id*. (emphasis in original). Judge Sutton then turned to the

guidelines and observed, "just as the federal code separately proscribes attempted drug offense,

so must the guidelines." *Id*. Further,

> When a person commits (and is convicted of) a completed crime under state or
> federal law that fits within the guidelines' definition of a controlled substance
> offense, he faces a higher base offense level. U.S.S.G. § 2K2.1(a). That may be true
> even if the prior crime is a federal distribution and may involve only ordinary
> 'attempted transfer.' 21 U.S.C. § 802(8), (11)…But when a person *attempts* to
> commit a drug crime and is convicted of attempting that drug crime, he does not fall
> within the guidelines' definition…the commission tried to add attempts (in the same
> legal sense as used in § 846) in the commentary rather than in the text. That it may
> not do.

929 F.3d at 319-20 (emphasis in original).

7

Judge Sutton recognized that "it would be bizarre if violating the primary provision of the Controlled Substances Act turned out not to be a controlled substance offense. But that won't be the case…[o]nly attempted drug crimes, under § 846 or state analogues, face that possibility." 929 F.3d at 320.

However, Judge Sutton then notes that the Tennessee law at issue "parallels" federal law and its definition of the completed offense of delivery is the same as the federal law, i.e., "'the actual, constructive, or attempted transfer'" of a controlled substance and that Tennessee law also, like federal law, separately criminalizes "attempting to violate the drug laws." *Id*. Judge Sutton even acknowledges that "Havis pleaded guilty to the completed offense of selling or delivering under Tennessee law. So, Havis's prior conviction may qualify as a controlled substance offense and thus may warrant the higher base level." *Id*. But, Judge Sutton declines to consider this because the government did not argue the point, instead he urges that "for future cases, the parties may wish to consider the point." *Id*.

Petitioner was convicted under MCL 333.7401(1) which provides that "a person shall not manufacture, create, deliver, or possess with intent to manufacture , create, or deliver a controlled substance, a prescription form, or a counterfeit prescription form" and he was sentenced under MCL 333.7401(2)(a)(iv) which applies to amounts "less than 50 grams" and provides a maximum punishment of "imprisonment for not more than 20 years or a fine of not more than $25,000.00, or both." The definition of the controlled substance violation did not refer to attempts to "manufacture, create or deliver" controlled substances, likely because Michigan law separately provides for the punishment of attempt crimes. MCL 750.92. Under MCL 333.7105(1) delivery is defined as "the actual, constructive, or *attempted* transfer from 1 person

8

to another of a controlled substance, whether or not there is an agency relationship." (emphasis added). Petitioner contends that because of this language, the least culpable conduct punishable by the Michigan statute would be attempted deliveries; therefore, as in *Havis*, his conviction would not qualify as a controlled substance offense for purposes of the career offender enhancement.

However, I find Judge Sutton's concurrence in *Havis II* most applicable in this case because the government now argues what Judge Sutton suggested the government should argue in the future: that "[the criminal defendant/Petitioner] pleaded guilty to the completed offense of selling or delivering under [state] law. So, [the criminal defendant/Petitioner]'s prior conviction may qualify as a controlled substance offense and thus may warrant the higher base level." *Havis*, 929 F.3d at 320.

Michigan law and its federal counterpart both define delivery as the "actual, constructive, or attempted transfer" of controlled substances. MCL 333.7105(1); 21 U.S.C. § 802(8). In addition, both Michigan and federal law separately punish attempts to commit controlled substance offenses and both Michigan and federal prosecutors cite to both the underlying controlled substance statute and the attempt statute when prosecuting a person for an attempted controlled substance offense. MCL 750.92; 21 U.S.C. § 846. As Judge Sutton explained, "[s]omeone [] may commit the offense of distributing drugs by attempting to transfer drugs [b]ut that does not make the crime of conviction under § 841 an *attempted* distribution." 929 F.3d at 319 (emphasis in original). Rather, "the two [§ 841 and § 846] constitute distinct offenses, one greater and on lesser, one complete and one attempted." *Id.* And he also noted that this "explains why the government prosecutes someone under § 841 when he distributes drugs, but under § 841

9

*and* § 846 when he attempts to distribute drugs. *Id*. (emphasis in original). Similarly, under Michigan law, when a person is prosecuted for attempted controlled substance delivery, that person is prosecuted under both MCL 333.7401 and MCL 750.92. *See*, *e.g*., *People v. Crenshaw*, 2012 WL 1192172, at *4 (Mich. Ct. App. Apr. 10, 2012); *People v. Hernandez*, 2004 WL 2239482, at *1 (Mich. Ct. App. Oct. 5, 2004); *People v. Freeman*, 2004 WL 2726028, at *1 (Mich. Ct. App. Nov. 30, 2004); *People v. Mahan*, 2003 WL 1439658, at *1 (Mich. Ct. App. Mar. 20, 2003).

In the instant case, there is no argument or evidence that Petitioner was convicted of an attempted controlled substance offense in 2018; rather, all agree that he was convicted of the completed crime of delivery of a controlled substance under MCL 333.7401(1). Therefore, under Judge Sutton's concurring opinion, I suggest that this conviction is a controlled substance offense which was properly used to enhance Petitioner's sentence under the career offender guidelines. U.S.S.G. § 2K2.1(a). *See United States v. Powell*, 2019 WL 6617397, at *1-2 (E.D. Ky. Dec. 5, 2019) (finding Michigan conviction for delivery of controlled substance less than 50 grams was a controlled substance offense under the guidelines that could be used to enhance federal sentence).

I further find that more recent case law supports this view. In *United States v. McClain*, 810 F. App'x 404 (6th Cir. Apr. 16, 2020), The Sixth Circuit recalled its ruling in *Havis* but noted that "McClain takes *Havis* one step further by asserting that possession with intent to deliver under [the Tennessee statute] includes an attempt offense, possession with intent to attempt to deliver, based on the definition of delivery." *McClain*, 810 F. App'x at 410. The Sixth Circuit held that McClain "does not show that there is a realistic probability that [the Tennessee

statute] would be applied to possession of a controlled substance with intent to attempt to deliver the controlled substance." *Id*. The Court further stated that the "hypothesized possession-with-intent-to-attempt-to-deliver offense is inconsistent with Tennessee law" because "[t]here is no realistic probability that Tennessee would apply [it's statute] to possession of a controlled substance with intent to attempt to deliver." *Id*. To the extent that the Sixth Circuit meant to create a new standard, *i.e.*, whether there is a "realistic probability" that the state would prosecute a person for an offense that is potentially chargeable under the language of the statute, analysis under such a standard would further support the government's position. Here, there is no realistic probability that Petitioner was prosecuted for and convicted of anything but an actual delivery since he was not charged or convicted under both the controlled substance and attempt statutes. MCL 333.7401(1); MCL 750.92.

Finally, in *United States v. Thomas*, 969 F.3d 583, 585 (6th Cir. 2020), the Sixth Circuit expressly held that "convictions for 'delivery' under Mich. Comp. Laws 333.7401 are controlled-substance offenses." *United States v. Booker*, 994 F.3d 591, 595 (6th Cir. 2021).

I therefore suggest that Petitioner was properly sentenced, there was no procedural error or miscarriage of justice, and that counsel was not ineffective for failing to raise any issue under *Havis*.

### 2.  Claims may not be cognizable under §2255

Even if Petitioner's claims were meritorious, they would not necessarily be cognizable under §2255. *Bullard v. United States*, 937 F.3d 654, 657 (6th Cir. 2019) ("Bullard cannot use §2255 – or our decision in *Havis* – to attack collaterally his designation as a career offender under the Sentencing Guidelines."); *accord*, *United States v. Williamson*, 2021 WL 1545769, at

*3 (6th Cir. Apr. 1, 2021) ("a claim based on *Havis* is cognizable only on direct – not collateral – review"); *United States v. Monroe*, 2020 WL 589044, at *4 (N.D. Ohio Feb. 5, 2020) (finding that regardless if petitioner was improperly designated a career offender, his challenge is not cognizable on collateral review).

In addition, "'non-constitutional errors, including claims of errors in the calculation of the sentencing guidelines, rarely if ever warrant relief under 28 U.S.C. §2255.'" *United States v. Graham*, 2017 WL 3457164, at *1 (E.D. Mich. Aug. 11, 2017), quoting *Eaddy v. United States*, 20 F. App'x 463, 464 (6th Cir. 2001). In order to obtain relief from a non-constitutional error, the Petitioner must show: (1) good cause for the failure to raise the argument on direct appeal and prejudice if he is not permitted to proceed; or (2) actual innocence. *Hicks v. United States*, 258 F. App'x 850, 852 (6th Cir. 2007). Although Petitioner may wish to argue good cause based on his attorney's failure to raise the *Havis* issue, I suggest, for the reasons stated above, that he would be unable to show any prejudice since he was properly sentenced as a career offender and he was not ineligible for the sentence he received. *Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2013) ("Omitting meritless arguments is neither professionally unreasonable nor prejudicial."); *Gamble v. United States*, 2020 WL 475832, at *14 (W.D. Tenn. Jan. 29, 2020) (where petitioner did not allege he was actually innocent and he could not show that he was ineligible for the sentence he received, his challenge to the application of the advisory guideline career offender designation was not cognizable under §2255), citing *Snider v. United States*, 908 F.3d 183, 189 (6th Cir. 2018) (where an intervening change in the law rendered petitioner's career offender designation erroneous, that challenge is only to the process but does not provide an argument that he was ineligible for the sentence received).

12

### D.    Evidentiary Hearing

Section 2255 states that

> [u]nless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255(b). The Sixth Circuit has "observed that a Section 2255 petitioner's burden for establishing an entitlement to an evidentiary hearing is relatively light." *Smith v. United States*, 348 F.3d 545, 551 (6th Cir. 2003) (citation omitted). "In reviewing a § 2255 motion in which a factual dispute arises, 'the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims.'" *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007).

On the other hand, no hearing is required if the motion's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted). Additionally,

> The words 'grant a prompt hearing' are not magic words requiring a district judge, who is fully familiar with the circumstances under which a guilty plea was made, to duplicate procedures and conduct a hearing to resolve alleged fact issues which can and should be decided on the record that already exists.

*United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993).

In the instant case, there is no material factual dispute that a hearing could address. I therefore suggest that Petitioner is not entitled to a hearing on the allegations raised in his motion.

### E.    Conclusion

For the reasons stated above, I recommend the motion to vacate (ECF No. 799) be **DENIED** and any civil case **DISMISSED**.

13

## III.   <u>REVIEW</u>

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: November 16, 2021                    S/ PATRICIA T. MORRIS
                                           Patricia T. Morris
                                           United States Magistrate Judge