UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

                    Plaintiff,                          Case No. 1:16-cv-20677-1

v.                                                      Honorable Thomas L. Ludington
                                                       United States District Judge
DAMARLIN MARKEEL BEAVERS,

                    Defendant.
_____/

**OPINION AND ORDER (1) OVERRULING DEFENDANT'S OBJECTIONS, (2) ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, (3) DENYING DEFENDANT'S MOTION TO VACATE SENTENCE, (4) DENYING AS MOOT DEFENDANT'S MOTION TO EXTEND OBJECTION DEADLINE, AND (5) DENYING CERTIFICATE OF APPEALABILITY**

This matter is before this Court upon Magistrate Judge Patricia T. Morris's report recommending that Defendant's motion to vacate his sentence be denied. ECF No. 813. For the reasons stated hereafter, Defendant's objections to Judge Morris's report will be overruled; the report will be adopted; Defendant's motion to vacate will be denied; Defendant's motion to extend the deadline to file objections will be denied as moot; and Defendant will be denied a certificate of appealability.

**I.**

In September 2017, Defendant Damarlin Markeel Beavers pleaded guilty to one count of conspiracy to possess with intent to distribute and to distribute cocaine and heroin, 21 U.S.C. §§ 841(a)(1), 846. ECF No. 449. Based on two prior convictions for delivery of narcotics, MICH. COMP. LAWS § 333.7401, and one for conspiracy to possess with intent to distribute, 18 U.S.C. §§ 841, 846, Defendant received a career-offender enhancement under USSG § 4B1.1.[1] *See* ECF No.

_____

[1] A defendant is a career offender if:

449 at PageID.2440. At sentencing, his Guidelines range was 262 to 327 months. He was sentenced within that range to a term of 292 months' incarceration and 10 years' supervised release. ECF No. 509.

In June 2021, Defendant filed a motion to vacate his career-offender enhancement under 28 U.S.C. § 2255. ECF No. 799. Citing *United States v. Havis*, Defendant argues that his career-offender enhancement was improper because it was based on two Michigan convictions for delivering narcotics, which he claims are "attempt crimes." *See Havis*, 927 F.3d at 387 (holding that "attempt crimes do not qualify as controlled substance offenses" for purposes of the careeroffender enhancement).

Defendant's motion was referred to Magistrate Judge Patricia T. Morris, who later filed a report recommending that Defendant's motion be denied. ECF No. 813. Judge Morris's reasoning was twofold. First, she reasoned that, despite *Havis*, Defendant's Michigan convictions would still support a career-offender enhancement because they would still qualify as "controlled substance offenses" under the Guidelines. *Id.* at PageID.6697–704. Second, she reasoned that, even if Defendant's Michigan convictions no longer qualified as controlled substance offenses, his sentence could not be vacated under § 2255 because *Havis* claims are not cognizable on collateral review. *See id.* at PageID.66704–05. She also found that an evidentiary hearing was unnecessary. *Id.* at PageID.6706 (citing the lack of "[any] material factual dispute that a hearing could address").

---

      (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

USSG 4B1.1(a).

After seeking and receiving a 30-day extension of the 14-day objection period, ECF Nos. 818; 823, Defendant filed objections to Judge Morris's Report,[2] ECF No. 825.

## II.

A party may object to and seek review of a magistrate judge's report and recommendation. *See* FED. R. CIV. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). De novo review requires at least a review of the evidence before the magistrate judge; the court may not act solely based on the magistrate judge's report and recommendation. *See Hill v. Duriron Co*., 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's findings or recommendations. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted); *see also VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004) ("A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge."). An "objection" that does nothing more than disagree with a magistrate judge's determination

---

[2] Confusingly, Defendant also filed a second motion for a 30-day extension based on the same reasoning as his prior motion for an extension; namely, that he had just received Judge Morris's report in the prison mail. *Compare* ECF No. 818 at PageID.6853 (claiming that he "just received [the report] through the prison mail") *with* ECF No. 823 at PageID.6874 (same). Given his *pro se* status, this Court will assume that Defendant's second motion was inadvertently filed. Because Defendant already filed objections, his second motion for an extension will be denied as moot.

"without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

### III.

Defendant presents three objections, all of which will be overruled.

First, he objects to Judge Morris's conclusion that his Michigan convictions for delivery of narcotics still qualify as controlled substance offenses. ECF No. 825 at PageID.6879. He argues that Judge Morris improperly relied on Circuit Judge Jeffrey Sutton's concurring opinion in the Sixth Circuit's decision denying reconsideration of *Havis*. *See United States v. Havis*, 929 F.3d 317, 319 (6th Cir. 2019) (en banc) (Sutton, C.J., concurring) (discussing the Government's post-decision argument that "attempt crimes *do* fall within the guidelines' definition of a controlled substance offense because 'distribution'—a word in the text of the guidelines—covers attempts"). But regardless of whether Judge Morris properly relied on Judge Sutton's concurrence, the Sixth Circuit has squarely held that a Michigan conviction for delivery of narcotics qualifies as a controlled substance offense. *United States v. Thomas*, 969 F.3d 583, 585 (6th Cir. 2020) (per curiam) (distinguishing *Havis*). *Thomas* is binding authority, and this Court is unaware of any material fact that distinguishes it from this case.

Second, Defendant objects to Judge Morris's conclusion that his *Havis* claim is not cognizable under collateral review. ECF No. 825 at PageID.6879–80. He does not explain his reasoning, and any attempt to do so would be futile. As Judge Morris noted, the Sixth Circuit has repeatedly held that *Havis* claims are not cognizable on collateral review. *See, e.g.*, *Bullard v. United States*, 937 F.3d 654, 657 (6th Cir. 2019) ("Bullard filed a § 2255 habeas petition, arguing that the district court misclassified him as a career offender, which resulted in a higher recommended sentence. This is not a cognizable claim on collateral review."); *Williamson v.*

*United States*, No. 20-6189, 2021 WL 1545769, at *3 (6th Cir. Apr. 1, 2021) ("[T]his court has held that a claim based on *Havis* is cognizable only on direct—not collateral—review.").

Finally, Defendant objects to Judge Morris's conclusion that no evidentiary hearing was necessary. ECF No. 825 at PageID.6880. Specifically, he claims that "there are facts in dispute between the parties that need to be resolved." *Id.* But Defendant's motion to vacate is predicated on a question of law: whether his career-offender enhancement should be vacated in light of *Havis*. According to binding authority, the answer is "No," and Defendant does not point to any question of fact that might change that answer.

For these reasons, Defendant's objections will be overruled, and Judge Morris's Report will be adopted.

## IV.

Before Defendant may appeal this Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b); *see also United States v. Galvez-Gomez*, No. 18-CR-20035, 2020 WL 3172633, at *1 (E.D. Mich. June 15, 2020) ("When a district judge enters a final order which is adverse to a defendant in a § 2255 action, it must also issue or deny a certificate of appealability."). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

According to the Supreme Court, the requisite "substantial showing" varies depending on whether the petition was denied on the merits or on procedural grounds:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas

> petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on the discussion in Section III, *supra,* reasonable jurists would not debate the correctness of this Court's substantive or procedural rulings. For that reason, a certificate of appealability will not issue. Defendant will also be denied leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* FED. R. APP. P. 24(a).

## V.

Accordingly, it is **ORDERED** that Defendant's Objections, ECF No. 825, are **OVERRULED**.

Further, it is **ORDERED** that Judge Morris's Report and Recommendation, ECF No. 813, is **ADOPTED**.

Further, it is **ORDERED** that Defendant's Motion to Vacate, ECF No. 799, is **DENIED**.

Further, it is **ORDERED** that Defendant's Motion for an Extension of the Objection Deadline, ECF No. 824, is **DENIED AS MOOT**.

Further, it is **ORDERED** that Defendant is **DENIED** a certificate of appealability.

Dated: February 28, 2022        s/Thomas L. Ludington
                                           THOMAS L. LUDINGTON
                                           United States District Judge